AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| United States of America<br>v.<br>Willie Bernstine<br><br>*Defendant(s)* | )<br>)<br>) Case No. 4:21-mj-70065-MAG<br>) **FILED UNDER SEAL**<br>)<br>)<br>) |

FILED
Jan 20 2021
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __August 2, 2020__ in the county of __Alameda__ in the __Northern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm |

This criminal complaint is based on these facts:

See attached affidavit of ATF TFO Jameiz Terrell.

☑ Continued on the attached sheet.

*/s/ Jameiz Terrell*
*Complainant's signature*

Jameiz Terrell, ATF TFO
*Printed name and title*

Approved as to form  */s/ Noah Stern*
AUSA  Noah Stern

Sworn to before me by telephone.

Date: January 19, 2021

*Judge's signature*

City and state: San Jose, California

Hon. Nathanael Cousins, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Jameiz Terrell, a Task Force Officer with the United States Bureau of Alcohol, Tobacco, Firearms and Explosives, being duly sworn, state:

### I.     INTRODUCTION

1. I submit this affidavit in support of an application under Rule 4 of the Federal Rules of Criminal Procedure for a criminal complaint and arrest warrant authorizing the arrest of Willie BERNSTINE ("BERNSTINE") for being a felon in possession of a firearm in violation of Title 18, United States Code, Section 922(g)(1) (hereafter, the "Target Offense"), on or about August 2, 2020 in the Northern District of California.

### II     SOURCES OF INFORMATION

2. This affidavit is submitted for the limited purpose of securing a criminal complaint and arrest warrant. I have not included every fact known to me concerning this investigation. Instead, I have set forth only the facts necessary to establish probable cause that violations of the federal law identified above have occurred.

3. I have based my statements in this affidavit on my training and experience, personal knowledge of the facts and circumstances obtained through my participation in this investigation, information provided by other agents and law enforcement officers, including officers with the California Highway Patrol ("CHP") and Bay Area Rapid Transit ("BART") Police Department, information provided by reports prepared by other agents and law enforcement officers, and information provided by records and databases, including regarding BERNSTINE's criminal history. Where I refer to conversations and events, I often refer to them in substance and in relevant part rather than in their entirety or verbatim, unless otherwise noted. This affidavit also reflects my current understanding of facts relating to this investigation, but my understanding may change in the future as the investigation proceeds.

TERRELL AFF. ISO CRIMINAL COMPLAINT  
[UNDER SEAL]

1

### III. AFFIANT BACKGROUND

4. I am a Task Force Officer ("TFO") with the United States Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and have so been sworn since June 2019. I am presently assigned to the ATF Oakland Field Office in Oakland, California. I am a law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7). I was trained as a police officer at the Napa Valley Police Academy in Napa, California, and I am currently employed by the City of Richmond, CA.

5. As an ATF TFO, I have conducted and participated in both state and federal investigations involving the trafficking of firearms and distribution of controlled substances. I have investigated and assisted in the prosecution of criminal street gangs engaged in illegal narcotics and firearms trafficking. During these investigations, I have participated in various types of investigative techniques, including electronic surveillance; undercover agents and informants; and controlled purchases of firearms and narcotics from suspects. I have participated in physical surveillance operations and have participated in the execution of state and federal arrest warrants and search warrants. In addition to utilizing the aforementioned investigative techniques, I have been required during these investigations to analyze information resulting from traditional record searches, pen registers and trap and trace devices, financial records, utility records, and telephone toll and subscriber records. I have interviewed numerous members and former members of gangs, as well as conferred with other law enforcement officers about: the slang, codes, symbols, graffiti, and dress of gang members; gang members' use of telephones, e-mail, and other methods of communication to conduct their criminal activities; gang members' use of false and fictitious identities to thwart law enforcement investigation of their activities.

### IV. APPLICABLE STATUTES

6. Title 18, United States Code, Section 922(g)(1) provides: "It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for

a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

7.      The elements of the Target Offense are as follows: (1) the defendant knowingly possessed a firearm; (2) that firearm had been shipped or transported from one state to another, or between a foreign nation and the United States; (3) at the time the defendant possessed the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year; and (4) at the time the defendant possessed the firearm, the defendant knew that he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

## V.      FACTS ESTABLISHING PROBABLE CAUSE

### A.      BERNSTINE's Criminal History

8.      I have reviewed a criminal history report for BERNSTINE that indicates that, in 2005, BERNSTINE was convicted of violating California Health & Safety Code § 11351.5 Possession/Purchase Cocaine Base for Sale, a felony, and sentenced to 180 days jail and three years probation. I obtained and reviewed court records relating to this conviction including an Advisement of Rights, Waiver and Plea Form signed by BERNSTINE on or about February 3, 2005. BERNSTINE initialed a paragraph stating that "I understand that the legal maximum state prison sentence for the charge(s) to which I am pleading guilty/no contest, including all sentence enhancements, is 5 years and ___ months . . . ." Based on this information, I believe there is probable cause to support the conclusion that BERSTINE knew he had been previously convicted of a crime constituting a felony.

### B.      BERNSTINE Crashes His Vehicle and is Found to be in Possession of a Loaded Firearm and Ammunition

9.      On or about August 2, 2020, CHP officers were dispatched to a roll-over traffic collision on Interstate 880 northbound, south of 7th Street, in Oakland, California, which is the

Northern District of California. Prior to their arrival, a private security guard arrived at the scene of the accident, followed shortly afterwards by two BART Police Department officers. When the BART officers arrived they saw a white Mercedes-Benz ML430 (the "Mercedes") rolled over on its side on the right hand shoulder of I-880. The private security guard told the officers that there was a man, later identified as BERNSTINE, in the car. One of the BART officers approached the Mercedes with the private security guard to help BERNSTINE out of the vehicle. After they arrived near the vehicle, the BART officer saw the private security guard draw a firearm, point it at BERNSTINE, and tell BERNSTINE to drop his weapon. The BART officers also drew their weapons and issued commands to BERNSTINE to drop his firearm and put his hands up. BERNSTINE attempted to get out of his rolled-over Mercedes through the sunroof and, as he did so, the BART officers saw a firearm in BERNSTINE's hand. After several additional commands to drop the firearm, BERNSTINE dropped the firearm on the ground.

10. Multiple CHP units arrived on scene and CHP officers provided cover as officers approached BERNSTINE, who was lying on his back with his feet still in the sunroof. The officers handcuffed BERNSTINE. About a foot away from BERNSTINE's reach, a CHP officer found a Glock 27 .40 caliber handgun bearing serial number CBA952 (the "Glock 27"), with an inserted 22-round magazine. The Glock 27 handgun was loaded with a .40 caliber round of ammunition in the chamber, and additional rounds of ammunition in the high capacity magazine.

11. BERNSTINE was arrested and transported to a hospital. At the hospital, BERNSTINE stated that he only had the gun because someone was trying to kill him.

C. **The Firearm Traveled in Interstate Commerce**

12. A Bureau of Alcohol, Tobacco, Firearms and Explosives interstate nexus expert reviewed photographs of the Glock 27 and confirmed that it was manufactured outside the state of California and, therefore, had to have, at some point, been shipped or transported from one state to another, or between a foreign nation and the United States prior to BERNSTINE's possession of it on or about August 2, 2020.

## VI. REQUEST TO SEAL AFFIDAVIT, CRIMINAL COMPLAINT, AND ARREST WARRANT

13. Based on my training and experience, disclosure of the existence of this affidavit, the complaint, the arrest warrant, and related documents may cause BERNSTINE or other co-conspirators unknown at this time to destroy evidence or conceal on-going criminal activity, jeopardizing the progress of the ongoing investigation. I therefore request that the Court seal this affidavit, the complaint, the arrest warrant, and related documents.

## VII. CONCLUSION

14. Based on the information set forth in the paragraphs above, I submit that there is probable cause to believe that on or about August 2, 2020, in the Northern District of California, Willie BERNSTINE committed the crime of being a felon in possession of a firearm, namely the Glock 27 .40 caliber handgun bearing serial number CBA952, in violation of 18 U.S.C. § 922(g)(1).

/s/ Jameiz Terrell
_____
JAMEIZ TERRELL
Task Force Officer
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to before me over the telephone and signed by me pursuant to Fed.R.Crim.P. 4.1 and 4(d) this __19th__ day of January, 2021.

_____
HONORABLE NATHANAEL COUSINS
United States Magistrate Judge

5
TERRELL AFF. ISO CRIMINAL COMPLAINT
[UNDER SEAL]